**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL WILLIS,

    Plaintiff,

                                                      Case No. 11-14536

v.                                                   Hon. Lawrence P. Zatkoff

MOTOR CITY CASINO,

    Defendant.

                                              /

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

### I. INTRODUCTION

Plaintiff submitted his Complaint [dkt 1] and Application to Proceed *in forma pauperis* [dkt 2] on April 11, 2011. Plaintiff's Application to proceed *in forma pauperis* is GRANTED; however, the Court DISMISSES Plaintiff's Complaint for failure to state a claim upon which this Court can grant relief.

### II. ANALYSIS

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of

fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will GRANT Plaintiff's request to proceed without prepayment of fees.

**B. Dismissal for Failure to State a Claim**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court finds that Plaintiff has failed to state a claim upon which this Court may grant relief.

Plaintiff's pleadings consist of a single three-page narrative, labeled as a complaint. The complaint is devoid of any legal citation except for its first sentence, which states that Plaintiff is bringing this suit "under Title VII (Equal Employment Opportunities) which prohibit [sic]

employment discrimination on the basis of race, color, religion, national origin, or sex."[1] Next, the complaint alleges that on November 10, 2010, Plaintiff was terminated from the Defendant Motor City Casino ("MCC") for making a threat against a female co-worker, Tapeka Austin ("Austin"). Although he denies having ever threatened Austin, Plaintiff provides no claim, let alone any evidence, that his termination for the alleged threats was discriminatory.

Instead of clearly stating a claim of discrimination, Plaintiff dedicates much of his complaint to several allegations of impropriety against Austin, a "Labor Relations Manager," and MCC. Plaintiff argues that Austen had disciplinary action against her for making a threat, yet was given a promotion. According to Plaintiff, this was due to the fact that Austin was a friend to the Labor Relations Manager, who could not "afford to alienate [Austin because she] could and would reveal everything she knows" about the incident taking place with Plaintiff. In so arguing, Plaintiff has again failed to show how either Austin's allegedly improper promotion, or her relationship to the Labor Relations Manager, resulted in discrimination.

Last, Plaintiff also states that the Labor Relations Manager and the labor union felt Plaintiff was a threat to them and to their jobs, since he had filed a grievance against a manager for allegedly pursuing an associate for sexual favors. According to Plaintiff, his filing of the grievance indicated to the Labor Relations Manager that Plaintiff "had the guts . . . [to] tell the higher-ups about [the Labor Relations Manager's] sexual relationship[.]" Nowhere in his complaint does Plaintiff relate how these assertions, if true, resulted in discrimination against him. Moreover, Plaintiff's claims

---

[1] The Court will construe Plaintiff's reference to "Title VII" as Title VII of the Civil Rights Act of 1964.

are against MCC, not the Labor Relations Manager or the labor union, and in the absence of any evidence showing otherwise, the Court will not infer any relationship between these entities.

In short, Plaintiff appears to claim employment discrimination based on race, color, religion, national origin, or sex, yet fails to even mention who discriminated against him, how the purported discrimination occurred, or where it took place. Plaintiff provides only a vague narrative regarding various allegations of impropriety against MCC, the Labor Relations Manager, and the labor union. Accordingly and for the reasons above, Plaintiff's complaint must be dismissed pursuant to § 1915(e) as it fails to state a claim upon which relief can be granted.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: November 3, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 3, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290